UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN OLIVER, | Case No. 1:12-cv-02143-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff John Oliver seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be REVERSED and REMANDED for an award of benefits.

OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

OPINION AND ORDER- 2

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born in 1970 and was thirty-eight years old at the time of his alleged disability onset date. He protectively filed his applications for benefits on July 21, 2009, alleging an onset date of July 5, 2009 based on a number of physical impairments, including: right knee arthritis and status post cervical spine fusion with a history of failed wire stabilization. His date last insured is December 31, 2014. Plaintiff's applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on April 2, 2012. The ALJ heard testimony from plaintiff, who was represented by counsel; and an impartial vocational expert (VE). The ALJ found that plaintiff suffered from the following severe impairments: "status post cervical spine fusion with history of failed wire stabilization; right knee arthritis; history of degloving knee injury right medial thigh necessitating skin graft with resultant loss of sensation." Tr. 16, Finding 3.[1] The ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17, Finding 4. The ALJ determined that plaintiff has the RFC to perform a range of light work except that he

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

can only stand or walk for forty-five minutes at a time, can only sit for two hours at a time, and must be able to make brief position changes every twenty minutes. Tr. 17, Finding 5. Additionally, the ALJ determined that plaintiff requires a cane for ambulation; can only occasionally balance, stoop, or crawl; must avoid kneeling, crouching, and climbing of ladders, ropes, or scaffolds; cannot engage in constant overhead reaching; and must avoid exposure to workplace hazards such as moving or dangerous machinery. *Id*.

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was unable to perform any of his past relevant work. Tr. 22, Finding 6. The ALJ found, however, that plaintiff could perform other work existing in significant numbers in the national economy including work as a bagger, table worker, or assembler of small products. Tr. 22-23, Finding 10. Therefore, on April 23, 2012, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits because the ALJ erred in failing to include all plaintiff's impairments in the dispositive hypothetical question posed to the VE and in plaintiff's RFC and in erroneously discrediting plaintiff's testimony.

The RFC developed by the ALJ and the dispositive hypothetical question posited to the VE "must include all of the claimant's functional limitations, both physical and mental supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal quotations

OPINION AND ORDER- 4

omitted).

In this matter, plaintiff contends that the ALJ failed to include restrictions regarding his cervical range of motion. On December 7, 2011, plaintiff underwent a comprehensive musculoskeletal evaluation with Gregory Grunwald, D.O. Doctor Grunwald conducted objective tests finding that plaintiff's cervical range of motion was severly impaired. In particular plaintiff's cervical flexion (ability to tilt head forward), extension (ability to tilt head back), right side bend, and left side bend were all between fourteen and sixteen degrees, whereas a normal range of motion for those movements is forty-five degrees. Tr. 278. Plaintiff's range of motion for right and left rotations was ten degrees, whereas, a normal range of motion for these movement is eighty degrees. *Id.* Accordingly, Dr. Grunwald opined that plaintiff "demonstrates a severely restricted range of motion in the cervical region." *Id.* The ALJ gave Dr. Grunwald's findings "great weight." Tr. 21.

During the hearing, the ALJ first posited a hypothetical question to the VE describing a person with limitations similar to those described in the RFC the ALJ ultimately formulated. Tr. 342-43. In response, the VE testified that a person so limited would be able to perform a number of jobs. Tr. 343-44. The ALJ then posited a second question with greater limitations such that the person would be limited to sedentary, rather than light, work. Tr. 345. The VE again testified that a person with those limitations would be able to perform a number of jobs, albeit different jobs, than a similarly situated person who is able to complete light work. Tr. 346. Lastly, the ALJ posited two variations on the second hypothetical. In the second of those variations, the hypothetical person was not required to move his head either side to side or up and down frequently. Tr. 348. In response, the VE testified that the jobs identified would be

OPINION AND ORDER- 5

eliminated as would most sedentary jobs because there is a need for neck flexion and a range of motion in those jobs. The additional limitations regarding the cervical range of motion "would preclude essentially all substantial gainful activities." Tr. 349.

In the final RFC, there are no explicit limitations regarding plaintiff's limited cervical range of motion despite the fact that the ALJ gave great weight to the opinion of Dr. Grunwald. The Commissioner contends that the ALJ's incorporation of Dr. Grunwald's opinion into plaintiff's RFC was reasonable because the ALJ included limitations on overhead reaching and precluded work around workplace hazards. Secondly, the Commissioner contends that the VE's testimony regarding a limited cervical range of motion was limited to jobs in the sedentary category while the ALJ ultimately concluded plaintiff could perform light work. The Commissioner contends, without citing any evidence or reasoning from the ALJ, that "[l]ogically, sedentary jobs would require a greater need for range of cervical motion because of the increased amount of time spent in the sitting position." Def.'s Br. at 11.

As a primary matter, the ALJ failed to adequately incorporate plaintiff's severely limited cervical range of motion into the RFC. As was clearly demonstrated by the VE's testimony, workplace dangers are not the only issues presented to a person with a limited cervical range of motion. Such limitations preclude the ability to perform a great number of jobs, including, all jobs in the sedentary category. Second, in light of the fact that plaintiff is required to have a sit/stand option because of his knee problems, there is no reason to believe that plaintiff could perform the jobs identified by the ALJ from a seated position in light of his limitations. Accordingly, the court concludes that the ALJ erred in failing to include explicit limitations concerning plaintiff's cervical range of motion in his RFC and in the dispositive hypothetical

posited to the VE. Because this issue is determinative on the question of disability, the court does not reach plaintiff's second argument.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, the court concludes that further proceedings would serve no useful purpose.

## CONCLUSION

For the reasons provided, this court concludes that the decision of the Commissioner denying John Oliver's applications for SSI and DIB must be REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this 27 day of February, 2014.

Ancer L. Haggerty
United States District Judge
OPINION AND ORDER- 7