UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN OLIVER                           ,                Case No. 1:12-cv-02143-HA

      Plaintiff,                                          ORDER

   v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

---

HAGGERTY, District Judge:

    On February 27, 2014, this court entered a Judgment [23] reversing the decision of the

Administrative Law Judge and remanding this matter to the Commissioner of Social Security for

further proceedings.  Following the remand, plaintiff was awarded benefits.

1 -- ORDER

Plaintiff's counsel now moves for a fee award of $10,000.00 pursuant to 42 U.S.C. §

406(b)(1)(A). Plaintiff's counsel was previously awarded $1,756.97 pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412. Any amount awarded now would be awarded

after subtracting the EAJA award. The total award of $10,000.00 constitutes about twenty

percent of plaintiff's retroactive benefits. Although defendant does not object to the proposed

award, this court performs an independent review to ensure that the award is reasonable.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's

unopposed Motion for Attorney Fees [29] is granted in part.

## DISCUSSION

After entering a judgment in favor of a social security claimant, the court may award a

reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total

amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A).

Pursuant to the statutory guidance, plaintiff and his counsel executed a fee agreement providing

that counsel's fee following a favorable outcome from this court would equal twenty-five percent

of any past-due benefits received. This agreement is within the statutory limits.

The fee award currently sought by counsel represents approximately twenty percent of

plaintiff's total award of past-due benefits. The requested contingent fee award for plaintiff's

counsel, however, is neither automatic nor presumed. *Dunnigan v. Comm'r*, Civil No. 07-1645-

AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

This court may reject a contingent fee agreement that fails to "yield reasonable results" in a

particular case. *Gisbrecht*, 535 U.S. at 807. Counsel therefore must establish that the requested

award is reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

This court may reduce a contingent fee in cases in which the attorney provided

2 -- ORDER

substandard representation, engaged in dilatory conduct that increased the accrued amount of

past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case.

*Id.* at 808.  In deciding the reasonableness of the fee, the court should consider: (1) the character

of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking

the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the

case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586

F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due

to the character of counsel's representation, the results obtained, or any delay.  Plaintiff's counsel

presented sound arguments in his opening brief that resulted in a remand for further proceedings

and an eventual award of benefits for his client.  Plaintiff's counsel sought, and was granted, one

sixty day extension of time in which to file Plaintiff's Motion for Attorney's Fees, but the court

does not find a reduction is in order for this short delay.  Accordingly, a reduction of counsel's

fee request is unwarranted under these three factors.

A district court may reduce a § 406(b) award if the "benefits . . . are not in proportion to

the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of

time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at

808.  This court has noted previously that "[t]wenty to forty hours is a 'reasonable amount of time

to spend on a social security case that does not present particular difficulty.'" *Quinnin v. Colvin*,

No. 1:12–cv–01133–SI, 2013 WL 5786988, at *3 (D. Or. Oct. 28, 2013) (quoting *Harden v.

Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007)).  The Ninth Circuit has also recently

explained that this court may evaluate the complexity and risks of the *specific* case at issue when

3 -- ORDER

assessing the reasonableness of a fee request. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting *Crawford*, 586 F.3d at 1153). This court does not provide an in depth review of the general risks of social security cases, because the general risks in all social security cases are the same. However, the general risks of social security representation alone do not warrant large fee awards. While primacy is given to a contingent fee agreement, this fee agreement must still be evaluated for reasonableness.

In this court's estimation, this case was of average risk for a social security case. It was a relatively simple and straightforward case dealing with the sorts of issues (improper treatment of plaintiff's testimony, failure to include explicit limitations concerning plaintiff's physical abilities in the RFC, etc . . .) that are commonplace in this type of litigation. Plaintiff's counsel worked 3.7 hours on this case and his paralegal spent an additional 10.65 hours. The requested fee award results in an hourly rate of $696.86 for the total 14.35 hours worked. In support of his request for this fee award, counsel notes that the average hourly rate, according to the Oregon State Bar Economic Survey is $308.00 for attorneys with over 30 years of experience practicing in other areas of private practice. Counsel offers no rate information for paralegal work, arguing instead that paralegal time should be given the same weight as attorney time. In support, plaintiff's counsel cites this court's decision in *Atwood v. Comm'r of Soc. Sec.*, in which the court stated that it would consider paralegal time when assessing the overall reasonableness of a fee request. No. 09–6207–HA, 2011 WL 6372790, at *2 (D. Or. Dec. 19, 2011). However, in *Quinnin*, this court declined to award the same hourly rate to the work performed by the attorney and the work performed by the attorney's paralegal. *Id.* at *4, n. 2. Instead, the court followed the approach set by the Central District of California in assessing paralegal billable rates at half of the attorney rates. *Id.* (citing *Rodenas v. Colvin*, No. CV 11–8289–SP, 2013 WL 1855837, at *4 (C.D. Cal.

4 -- ORDER

Apr. 30, 2013)). The court went on to find that a *de facto* rate of $1,000 for attorney time and $500 for paralegal time, although on the high side, was a useful benchmark in assessing the reasonableness of a fee award. *Id.*

In light of the amount of time spent on this case and size of the award, the court concludes that the requested fee in this case is unreasonable. *Gisbrecht*, 535 U.S. at 808. First, the case took 14.35 hours, significantly less than the twenty to forty hours this court has said that routine social security cases typically require. *Quinnin,* 2013 WL 5786988 at *3. Second, plaintiff's counsel seeks a fee more than double the average hourly rate that an experienced attorney would receive for both the work performed by plaintiff's counsel and by counsel's paralegal. Under the *Rodenas* methodology, the *de facto* billable hourly rate for a $10,000.00 award in this case would be $1,108.00 for attorney time and $554.00 for paralegal time. Using that standard, the paralegal rate is still nearly double the hourly rate that an experienced attorney bills. For these reasons, the court finds that the requested attorney fee of $10,000.00 is unreasonable.

In *Atwood*, this court reduced the fee arrangement from the twenty-two percent requested to seventeen percent because the case was neither complex nor time consuming and because the retroactive benefits recovered were substantial. 2011 WL 6372790, at *2. In that case, plaintiff's counsel performed around fifty-five percent of the total work that case required. In *Quinnin*, plaintiff's counsel, who is also the counsel in this action, billed only ten percent of the total 14.7 hours worked on the case, while his paralegal's work constituted the remainder. 2013 WL 5786988, at *3. In that case, this court reduced the fee award from the twenty-two percent requested to fifteen percent.

In this case, plaintiff's counsel worked 3.7 hours, approximately twenty-six percent of the

5 -- ORDER

total hours spent on the case. In light of the facts in this case, the court concludes that a reasonable fee would constitute $7,230.00, which is fifteen percent of the retroactive awards. This is a *de facto* hourly rate of $801.10 for attorney time and $400.55 for paralegal time.

## CONCLUSION

For the reasons stated, counsel's unopposed Motion for Attorney Fees [29] is granted in part. Counsel is entitled to $7,230.00 in § 406(b) fees, representing fifteen percent of the disabled plaintiff's retroactive benefits recovery. After subtracting the $1,756.97 EAJA fee award previously granted to counsel, the final fee award is $5,473.03. *See Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this _11_ day of September, 2014

Ancer L. Haggerty
United States District Judge